**CITIES SERVICE GAS COMPANY, a corporation, Appellant,**

v.

**George M. BECK and Elsie R. Beck, husband and wife, Appellees.**

**No. 47463.**

Court of Appeals of Oklahoma, Division No. 1.

March 25, 1975.

Released for Publication by Order of Court of Appeals April 17, 1975.

Frank O. Hamilton, Oklahoma City, and Fogg, Fogg & Howard, by Richard M. Fogg, El Reno, for appellant.

Rinehart, Rinehart & Rinehart, El Reno, for appellees.

REYNOLDS, Judge:

Cities Service Gas Company filed a petition to exercise its powers of eminent domain to obtain an easement for a gas pipeline across land owned by the defendants, George and Elsie Beck. The District Court of Canadian County appointed three commissioners to assess the damages defendants would sustain, and they assessed damages in the amount of $4,565.00.

Defendants objected to the amount of the award, and demanded jury trial. Thereafter, plaintiff also demanded trial by jury.

A jury trial was completed on October 18, 1973, and defendants filed a motion for

new trial which was granted on March 12, 1974.

On March 13 and 14, 1974, the case was tried, and the jury assessed defendants damages as $7,250.00.

Cities Service Gas Company appealed, asserting two propositions of error:

"1. The trial court erred in refusing to admit the right of way grant in evidence.

"2. The error in refusing to admit the easement into evidence was prejudicial to the plaintiff and constitutes reversible error."

Prior to the start of the jury trial, an evidentiary hearing was held in chambers concerning the admissibility of plaintiff's Exhibit One and Two. Plaintiff's Exhibit One was a right-of-way grant dated September 12, 1967, signed by the defendants, to Mustang Fuel Corporation whereby Mustang Fuel Corporation was granted the right to lay additional pipelines in the right-of-way for an additional consideration of $1.00 per rod. Plaintiff contended that this grant was a voluntary contract and was admissible to show the value of the right-of-way.

Plaintiff's Exhibit Two was a right-of-way grant dated November 2, 1970, from the defendants to Mustang Fuel Corporation, similar to plaintiff's Exhibit One, except the defendants deleted the provision for additional pipelines across the easement.

The defendant George Beck testified that when he signed the two right-of-way grants referred to in plaintiff's Exhibits One and Two, he did so after being informed that the right-of-way would be condemned for the easements. When these two easements were granted, Mr. Beck did not consult with an attorney, and entered into them to prevent condemnation proceedings against him.

The trial court ruled that plaintiff's Exhibits One and Two were not admissible.

In our opinion, the trial court's ruling was correct.

In Oklahoma Turnpike Authority v. Deal, 401 P.2d 508 (Okl.1965), the court syllabus states:

"1. Where a trial is had in a condemnation proceeding to determine the measure of damages, evidence of the prices paid for other tracts in condemnation proceedings is incompetent.

"2. Where, over proper objections, incompetent evidence is introduced which is prejudicial to the complaining party, the admission of such evidence constitutes reversible error."

The court further stated, quoting from 18 Am.Jur., Eminent Domain, § 352, p. 996,

"The price paid for neighboring land when taken by eminent domain, either as a result of an award, a verdict, *or a settlement*, is inadmissible, as it is not a sale in open market and does not show market value." (Emphasis added.)

The uncontroverted testimony of Mr. Beck was that he signed the right-of-way grants because he believed Mustang Fuel Corporation would condemn them in court.

Although the Supreme Court in Oklahoma Turnpike Authority v. Deal, supra, dealt with adjoining land values, the same rationale applies where the value sought to be established was another portion of defendants' property.

Had the trial court admitted plaintiff's Exhibits One and Two, it would have been reversible error.

Affrimed.

ROMANG, P. J., and BOX, J., concur.